# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51153
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALBERTO SANCHEZ SID,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1070-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Alberto Sanchez Sid, who has previously twice been convicted for two other illegal reentries, challenges the 70-month sentence imposed following his guilty-plea conviction for illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326. Sanchez contends his sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Along that line, he maintains: the illegal-reentry

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-51153

Guideline, § 2L1.2, is not empirically based; his criminal history is nonviolent; and his sentence overstates the seriousness of his crime.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The parties disagree whether Sanchez properly preserved his objection to the substantive reasonableness of his sentence. We need not decide whether plain-error review applies, because the sentence can be affirmed even under the more lenient abuse-of-discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). In that regard, his sentence is within the advisory Guidelines sentencing range; therefore, it is entitled to a presumption of reasonableness. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

As he concedes, Sanchez' assertion the presumption does not apply, based on his claim Guideline § 2L1.2 is not empirically based, is foreclosed by our precedent. *E.g., United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009). (He raises the issue only to preserve it for possible further review.) And, our court has previously rejected the contention that district courts should engage in a "piece-by-piece analysis" of the empirical basis behind each part of the Guidelines, rather than entrusting them to impose a sentence based on the details of the offender and offense. *Id*. at 530–31.

No. 15-51153

Concerning Sanchez' additional claims his sentence is greater than necessary because he has a nonviolent criminal history, and his sentence overstates the seriousness of his crime, our court has rejected the assertion that illegal reentry is merely "an international trespass, [and] not a crime of violence or a crime that posed a danger to others". *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Accordingly, Sanchez has not rebutted the presumption of reasonableness attached to his within-Guidelines sentence. *See, e.g., Cooks*, 589 F.3d at 186.

AFFIRMED.